United States District Court
Southern District of Texas
**ENTERED**
December 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SIDNEY LYNCH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-305 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Sidney Lynch is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. Plaintiff was convicted of aggravated assault and sentenced to eight years in prison on September 10, 1998 in Smith County, Texas. He is currently serving: (1) an eight-year sentence for possession of a firearm by a felon; (2) a ten-year sentence for theft; and (3) a ten-year sentence for enticing a child. He was convicted of each of these crimes in Smith County, Texas and sentenced on August 27, 2014, June 4, 2015, and July 13, 2015, respectively.

The facts giving rise to Plaintiff's claims in this case occurred in connection with Plaintiff's current assignment to the McConnell Unit. Plaintiff claims that he was falsely charged with masturbation in violation of prison rules and was subsequently afforded an unfair disciplinary hearing on January 26, 2017. Plaintiff named the following McConnell Unit prison officials as defendants in his original complaint: (1) Lorie Davis, TDCJ Director; (2) Michelle M. Vela, McConnell Unit Officer; (3) Corey Furr, McConnell Unit Assistant Warden; (4) Adriana L. Cano, Counsel Substitute; and (5) Christopher Pauley, Disciplinary Hearing Officer (DHO). Plaintiff seeks declaratory and injunctive relief. (D.E. 1, p. 4).

### A. Plaintiff's Federal Habeas Case

Plaintiff previously challenged the same January 26, 2017 disciplinary conviction through a federal habeas corpus action, *Lynch v. Davis*, Case No. 2:17-CV-251 (S.D. Tex. filed on July 19, 2017 (Habeas Case)). Evidence was presented in the Habeas Case establishing that: (1) Plaintiff was charged with sexual misconduct and attempting to establish an inappropriate relationship with staff; and (2) Plaintiff was found guilty and sanctioned with a twenty-day loss of earned good-time days, recreation, commissary and telephone restrictions, reduction in line status and custody status, and thirteen days in solitary confinement.

On October 12, 2017, the undersigned issued a Memorandum and Recommendation (October 12, 2017 M&R), recommending that respondent's motion for summary judgment be granted and that Plaintiff's claim for habeas relief be dismissed. (Habeas Case, D.E. 10). Because Plaintiff had previously been convicted of aggravated assault, the undersigned concluded that Plaintiff was ineligible for mandatory supervision and, therefore, had no constitutional expectancy of early release and no corresponding liberty interest in the loss of good time credits. (Habeas Case, D.E. 10, pp. 4-4). The District Judge adopted the October 12, 2017 M&R on November 20, 2017, and entered a final judgment against Plaintiff. (Habeas Case, D.E. 12, 13).

### B. Plaintiff's Allegations and *Spears* Hearing

A *Spears*[2] hearing was conducted on December 13, 2017. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1):

On January 18, 2017, Officer Vela observed Plaintiff in his cell and initially advised Plaintiff that, if "she did not see anything," she would not bring a case against Plaintiff for masturbating. However, Officer Vela ultimately filed a disciplinary case against Plaintiff for sexual misconduct and attempting to establish an inappropriate relationship with prison staff.

Plaintiff claims that Officer Vela prepared a false disciplinary report against Plaintiff and provided false statements at the January 26, 2017 disciplinary hearing. Plaintiff alleges counsel Substitute Cano violated Plaintiff's rights at the disciplinary hearing by providing Plaintiff with ineffective assistance. According to Plaintiff, DHO Pauley applied prison rules in an arbitrary and capricious manner at the disciplinary hearing by denying Plaintiff: (1) witnesses and video evidence of what actually happened in Plaintiff's cell; (2) the ability to cross-examine his accuser; and (3) an opportunity to prepare and perfect his appeal through access to a full and complete audio recording of his disciplinary hearing.

Plaintiff also alleges that at some point following the disciplinary conviction, DHO Pauley and Assistant Warden Furr each informed Plaintiff that this disciplinary

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

case should have been dismissed. Assistant Warden Furr nevertheless rejected Plaintiff's Step 1 administrative grievance. Lastly, according to Plaintiff, TDCJ Director Davis was aware of the issues in the McConnell Unit but took no action to remedy Plaintiff's complaints regarding his disciplinary conviction.

### III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail,

but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

### IV. DISCUSSION

#### A. Claims against Director Davis and Assistant Warden Furr

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

"Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677).

Plaintiff alleges no specific facts to indicate that Director Davis had any personal involvement in connection with Plaintiff's disciplinary hearing. Likewise, Plaintiff's allegations against Assistant Warden Furr, in his role as a supervisory official, suggest only that he had knowledge of the disciplinary hearing and the sanctions imposed against Plaintiff but that he did not personally participate in the hearing. Furthermore, Assistant Warden Furr's response to Plaintiff's Step 1 administrative grievance is not actionable conduct under § 1983. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that, because inmates have no constitutionally protected liberty interest in

having grievances resolved to their satisfaction, there is no due process violation when prison officials fail to do so); *Bonneville v. Basse*, No. 2:12-CV-0200, 2012 WL 4854721, at *3 (N.D. Tex. Sep. 21, 2012) (concluding that a prison official's denial of prisoner's Step 1 grievances fails to state a due process claim because there is no "federally-protected right to have his grievances investigated and resolved").

Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants Davis and Furr be dismissed with prejudice

### B. Disciplinary Hearing

Plaintiff claims that his constitutional rights were violated in the following ways: (1) Officer Vela brought a false disciplinary case against him and provided false statements at Plaintiff's January 26, 2017 disciplinary hearing; (2) Counsel Substitute Cano provided ineffective assistance at the disciplinary hearing; and (3) DHO Pauley applied prison rules in an arbitrary and capricious manner at the disciplinary hearing in various respects, resulting in Plaintiff's convictions and sanctions imposed.

Plaintiff's claims are construed as challenging the constitutionality of his disciplinary case. Such claims, however, are barred by the doctrine enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck*, 512 U.S. at 486-87.

The Fifth Circuit has explained that "[i]t is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted . . . .'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87). The *Heck* doctrine also operates to bar prisoners from seeking injunctive relief or otherwise challenging the punishment imposed by a disciplinary proceeding through a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[plaintiff's] claim for declaratory relief and money damages, based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's constitutional claims for injunctive relief that were fundamentally intertwined with his request for restoration of good-time credits).

Plaintiff's disciplinary case was neither overturned by direct appeal nor set aside in the federal habeas corpus case filed in this Court. Because Plaintiff has not successfully had the disciplinary decision set aside, he cannot seek relief against Officer Vela, Counsel Substitute Cano, and DHO Pauley. Thus, it is respectfully recommended that Plaintiff's claims against these defendants be dismissed.

V.   **CONCLUSION**

Because Plaintiff has failed to state a cognizable constitutional claim in this action against any one of the named Defendants, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is recommended further that

this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the "Manager of the Three Strikes List for the Southern District of Texas" at Three_Strikes@txs.uscourts.gov.

ORDERED this 26th day of December, 2017.

_____
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).